**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY CIASULLI, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 08-5544 (JLL) |
| RANDY HARTMANN and LAKE CUMBERLAND MARINE, INC., | ORDER |
| Defendants. | |

**LINARES, District Judge.**

Currently pending before this Court is Plaintiff Timothy Ciasulli's ("Plaintiff") motion for default judgment. (Docket Entry #7.) An application for entry of default judgment must contain evidence, by affidavits and documents, of: (1) the entry of default pursuant to F.R.C.P. 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers and Sailors' Relief Act. GE Healthcare Fin. Servs. v. New Brunswick X-Ray Group, PA, No 05-833, 2007 WL 38851, at *3 (D.N.J. Jan. 4, 2007). Furthermore, though a court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Finally, in this Court's December 6, 2008 Order, Plaintiff was clearly instructed

to "set forth *with specificity* the basis for all monetary relief being requested." (Docket Entry # 6) (emphasis added).

The present application requests $2,155,400.48 in damages but fails to provide any factual support, legal argument, affidavit, or certification substantiating the $1,077,505.24 requested pursuant to the New Jersey Consumer Fraud Act or the $538,752.62 requested in attorney's fees.[1] (Docket Entry #7.)

**IT IS THEREFORE** on this 20th day of January, 2008,

**ORDERED** that Plaintiff's motion for default judgment (Docket Entry # 7) is **denied without prejudice** pending receipt by this Court of a certification or other document with accompanying appropriate evidence setting forth legal argument and factual support for Plaintiff's claim of $2,155,400.48 in damages.

**SO ORDERED.**

Jose L. Linares
United States District Judge

---

[1] In fact, the $538,752.62 in attorney's fees is exactly the same amount requested to pay off the lien on the Baia Panther boat.